O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

The United States requests dismissal of AISLIC's complaint in CV 09-1934 on the basis that it is duplicative of the complaint that AISLIC filed as intervenor in *Steadfast v. United States*, CV06-4686-AHM (RZx). The two legal doctrines the United States relies on are claim splitting and judicial estoppel. I DENY the motion. I also consolidate the two actions for trial pursuant to Fed. R. Civ. P. 42(a).

## I.     BACKGROUND

### A.     AISLIC's Motion to Intervene

In 2006, Steadfast sued the United States under CERCLA and the California Health and Safety Code. In December 2007, AISLIC moved to intervene. (The reason for the timing, AISLIC's counsel explained at the hearing, was that AISLIC did not actually pay out the monies to Whittaker until July 2007.)

At the hearing on January 14, 2008, counsel for the United States, Mr. Augustini, was most concerned about the timeliness of the intervention, given that the discovery cut-off was less than three months away. Therefore, I posed the following question to AISLIC's counsel, Mr. McGahren: "[A]re you prepared to pursue claims based upon contaminants that are no different from, no wider, different, greater or in any way construed to be different from those that Steadfast has characterized in its response to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

interrogatories, yes or no?" Tr. 11:18-24.[1]

     Mr. McGahren answered "Yes." Tr. 11:25. Then he appeared to "waffle" about his answer. He said: "My understanding is that Steadfast is primarily focused on perchlorate, which appears to be the major driver for clean-up and response costs with respect to the site. So, clearly, AISLIC's claims would focus on the same contaminant, Your Honor. There may be other contaminants that are commingled with perchlorate in the soil and groundwater that would be swept in, but I think perchlorate is the driver." Tr. 12:2-9.

     I asked, "What does mean, swept in? . . . But I am telling you that I don't want – I will not allow or grant your motion to intervene if you are going to up the ante for the government in terms of trying to establish any basis different for its claimed liability than the basis that Steadfast has asserted." After that, Mr. McGahren stated that "a clean-up is complicated," but that he intended to adhere to the existing case management order. Tr. 13:7-18.

     I also asked Mr. Augustini: "They [AISLIC] could bring that claim separately, right? To which he replied: "Absolutely. And they are not prejudiced if they have to do that." Tr. 5:17-20.

     In my January 15, 2008 written ruling granting intervention, in the section "Prejudice to Existing Parties," I noted that AISLIC's counsel represented at the hearing that "AISLIC will abide by the existing schedule" and "AISLIC will only pursue claims based on contaminants that are no different from those that Steadfast has identified in its response to Defendant's interrogatories."

     **B.**     **Mediation in 2008**

---

     [1]In its Response to Defendant Interrogatory No. 1., Steadfast had identified "'Perchlorate' - Ammonium perchlorate [], Potassium perchlorate [] and/or Magnesium perchlorate []" as the "Hazardous Substance used, disposed or released at the Site for which [Steadfast] contend[s] the United States is liable in this action."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

After discovery closed, Steadfast, AISLIC and the United States engaged in mediation with Judge Lynch in April 2008, June 2008 and August 2008. In October, Steadfast settled its claims. At a status conference on October 20, 2008, AISLIC raised the issue of the scope of its intervention. The parties disagreed whether AISLIC should be permitted to pursue claims based on nonperchlorate contaminants. So I instructed AISLIC's counsel to file a motion concerning the scope of intervention. I also set a schedule based on my presumptive dates. The trial is set for September 8, 2009. The non-expert discovery cut-off was June 1, 2009. The expert discovery cut-off is July 27, 2009.

### C. AISLIC's Motion for Reconsideration

On October 27, 2008, AISLIC filed a motion for reconsideration, seeking permission to pursue claims based on nonperchlorate contaminants. It argued that the reason for limiting its claims - - to avoid prejudice to the United States and Steadfast under the original trial schedule -- no longer applied. AISLIC also pointed to supposed new facts supporting the Government's liability. It argued that in the interests of judicial economy it should be permitted to enlarge the scope of this action, because although it had the right to file a separate action, doing so would be duplicative. I denied the motion.

### D. AISLIC's New Complaint

On March 12, 2009, AISLIC filed this new action against the United States to recover "all necessary costs of response. . .which AISLIC was not permitted to recovery [*sic*] in the Steadfast Action, caused by the release or threatened release of hazardous substances, including without limitation . . .[long list of substances]. . . ."

## II.   DISCUSSION

The United States now seeks to dismiss the later-filed complaint with prejudice based on the doctrine of claim splitting and the doctrine of judicial estoppel. It argues that the claim splitting doctrines apply because AISLIC's two actions are essentially identical. It argues that because AISLIC represented that it would forego the nonperchlorate claims in the *Steadfast* action, it should be estopped from advancing an incompatible position now.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

/ / /

### A.   Claim Splitting

The doctrine of claim splitting bars a party from subsequent litigation when the same controversy has already been sued on. The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citation omitted). The court must assess whether the complaint is duplicative and, if so, decide on an appropriate remedy. *See Adams v. Cal Dep't of Health Servs.*, 487 F.3d 684, 688-93 (9th Cir.), *cert. denied*, 128 S.Ct. 807 (2007). At its discretion, the court may dismiss the duplicative lawsuit with or without prejudice, or stay or enjoin the proceedings. *See id.* at 692-93 (holding that in the circumstances of the case the district court did not abuse its discretion in dismissing the later-filed complaint with prejudice).[2]

####   1. The new lawsuit is duplicative.

To determine if the doctrine of claim splitting applies to bar a subsequent case, the Ninth Circuit "borrow[s] from the test for claim preclusion." *Adams*, 487 F.3d at 688. The court should "examine whether causes of action and relief sought, as well as the parties or privies to action, are the same." *Id.* at 689. In this case, the parties are identical. The only issue is whether the causes of action are the same.

In analyzing an identity between the causes of action, four criteria are examined, with an emphasis on the last: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the

---

[2]The plaintiff in *Adams*, an employment case, filed leave to amend the complaint in the first suit, which the district court rejected as untimely and lacking good cause. The plaintiff then filed a second suit while the first suit was pending, trying to circumvent the court's denial of leave to amend. The district court dismissed the second suit with prejudice, and the Ninth Circuit affirmed.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* at 689 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The parties address the second through fourth factors.

AISLIC's second lawsuit is duplicative under the standards of *Adam*. It involves the same subrogation rights flowing from the same insurance policy, based on the military's activities on the same site. *See* Declaration of Adam J. Katz, Exhibit A (a chart setting forth the identical allegations). The differences are in the hazardous substances and in some of the manufacturing processes that produced the substances. It is not clear whether it is possible to separate evidence of the "perchlorate processes" from evidence of the nonperchlorate processes.[3] On the whole it does not seem that evidence unique to nonperchlorate contaminants will outweigh the identical evidence.[4]

### 3. The appropriate remedy is not dismissal with prejudice.

In concluding in *Adams* that the district court did not abuse its discretion in dismissing the later-filed action with prejudice, the Ninth Circuit emphasized that the plaintiff had a full and fair opportunity to litigate her claims in the first action. *Adams*, 487 F.3d at 693. At the time she filed the first action, the plaintiff had knowledge of the factual basis of the claims that she tried to add later and that she included in her second action. *Id.* The plaintiff was not prevented by the court from asserting all of those claims in the initial lawsuit. It was entirely due to her own untimely actions that plaintiff failed to bring at one time all of the claims against the same defendants relating to the same transaction.

---

[3]At the intervention hearing, the underlying assumption seemed to be that it was possible for AISLIC to distinguish between the remediation costs of the perchlorate contamination and the remediation costs of the nonperchlorate contamination.

[4]In the intervenor complaint, AISLIC asserted a claim for $12 million. In the second complaint, AISLIC alleges costs of $17 million to remediate perchlorate and other substances. The parties did not address this difference.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

The United States argues that the result in *Adams* should be the result here. According to it, AISLIC knowingly relinquished its nonperchlorate claims at the intervention hearing. AISLIC struck a bargain, in the Government's view, giving up those claims in exchange for the right to intervene at the relatively advanced stage of the *Steadfast* action and to obtain access to all the written discovery that had already been exchanged.

AISLIC protests that it never waived the right to file a separate action; all it gave up was the right to proceed on the perchlorate claims in the *Steadfast* action.

On balance, I agree with AISLIC. This case is procedurally very different from *Adams*, because AISLIC did attempt to assert the entirety of its claims in a timely manner in its proposed intervenor complaint and through its motion for reconsideration. Although AISLIC is not blameless (it acquiesced to the limitation on its claim), it was not afforded a full and fair opportunity to litigate all its claims.

The only reason I limited AISLIC's claims was to minimize the potential prejudice to United States and Steadfast in bringing their dispute to a timely resolution. Those two parties wanted to adhere to the original trial schedule. AISLIC argued that it was possible to stick to that schedule even with the broader range of contaminants in AISLIC's complaint. The United States argued vigorously at the hearing about the amount of discovery that might be necessitated by those broader claims. The United States also recognized at the hearing that AISLIC could bring those claims separately. But AISLIC wanted to intervene so much that its counsel agreed to the Court's proposed limitation (although he tried to waffle).

### B. Judicial Estoppel

The United States's judicial estoppel doctrine can be rejected out of hand. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citation omitted). The doctrine "protect[s] against a litigant playing fast and loose with the courts." *Id.* (internal quotation marks and citation omitted). Courts generally look to three factors: Whether the party's later position was "clearly

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01734 AHM (RZx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY v. UNITED STATES OF AMERICA | | |

inconsistent" with its earlier position, whether the party was successful in persuading the court to accept its earlier position, and whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  *Id.* at 782-83.

     The United States contends that at the intervention hearing AISLIC represented to the Court that it would forgo the nonperchlorate claims and thus should be estopped from trying to assert those claims now.  That is a misapplication of the judicial estoppel doctrine.  AISLIC is not advancing a "clearly inconsistent" position in trying to assert the nonperchlorate claims now.  AISLIC has consistently asserted its intent to pursue those claims.  It did not represent that it would forever give up them up in exchange for permission to intervene.  It would be unfair to misconstrue Mr. McGahren's representations in that way.  Moreover, the Court never implied at the intervention hearing that the nonperchlorate claims were waived for all future purposes.

     It is telling both sides have made somewhat inconsistent arguments depending on the motion at hand.  Previously, in its motion for reconsideration, AISLIC stated that filing a separate complaint would be duplicative.  Now, it argues it is not duplicative under the claim splitting doctrine.  For its part, in opposing the initial intervention, the United States argued that AISLIC's proposed complaint was not identical to Steadfast's complaint, and it "would dramatically expand the list of contaminants in dispute" and "require substantial additional discovery."  It also admitted that AISLIC could bring a separate action.  Now, the Government is minimizing the difference between the two actions and arguing they are duplicative.  Given that judicial estoppel is an equitable doctrine, it would be not equitable to penalize only one side for inconsistency.

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |