LAURENCE F. JANSSEN (SBN 147471)
MICHAEL R. HEIMBOLD (SBN 173981)
KIRSTEN HICKS SPIRA (SBN 119885)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200//Facsimile: (310) 734-3300
Email:  ljanssen@steptoe.com
Email:  mheimbold@steptoe.com
Email:  kspira@steptoe.com

WILLIAM T. HASSLER (*admitted pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington D.C.  20036
Telephone:  (202) 429-6469 // Facsimile: (202) 429-3902
Email:  whassler@steptoe.com

FLOYD PERRY BIENSTOCK (*admitted pro hac vice*)
STEPTOE & JOHNSON LLP
201 East Washington St.
Phoenix, Arizona 85004
Telephone:  (602) 257-5200 // Facsimile: (602) 257-5299
Email:  fbienstock@steptoe.com

Attorneys for Plaintiff AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.:  CV 09-01734 AHM (RZx)<br><br>**AISLIC OBJECTIONS TO THE DECLARATION OF MATTHEW LOW**<br><br>Assigned to the Hon. A. Howard Matz<br>Courtroom No. 14<br><br><u>TRIAL</u><br><br>Date:  February 23, 2010<br>Time:  9:00 a.m.<br>Place:  Courtroom No. 14 |

## I. INTRODUCTION

Plaintiff AISLIC hereby objects to the testimony of Matthew Low, tendered by Defendant United States of America ("Defendant"). Mr. Low is a lawyer with a college degree in engineering. He does not have expert credentials in geology, hydrogeology, or any of the other scientific disciplines that may be implicated by this case. For the past 23 years Mr. Low has been engaged as an "equitable cost allocation" mediator, arbitrator and expert witness. (Decl. ¶ 1). He claims that it is his role as expert to analyze the evidence in the record, consider "relevant allocation factors and recommend a fair allocation for the particular case." *Id.*

Mr. Low's testimony should be excluded for two reasons. First, it invades the province of the Court, which is to review the evidence and exercise its own equitable discretion to decide how costs should be allocated. Second, his testimony on equity does not meet any of the tests for reliability under *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 589-590 (1993). Mr. Low's testimony will simply absorb the Court's time with testimony from another lawyer.

For these reasons, other courts have excluded testimony from proffered attorney experts on equitable allocation. *See, e.g., American Special Risk Insurance Co. v. City of Centerline, et. al.*, 2002 WL 1480821 (E.D. Mich 2002). In fact, Mr. Low's testimony on that subject has itself been excluded. *State of New York v. Westwood-Squibb Pharmaceuticals, Inc.*, 2001 U.S. Dist. LEXIS 11765 (2001). This Court should exclude this "equitable" testimony from a lawyer to permit the trial to focus on the facts.

## II. THE DECLARATION AND REPORTS OF MR. LOW INVADE THE PROVINCE OF THIS COURT.

The testimony of an expert witness is not admissible unless it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-590 (1993). In order to be relevant, expert testimony must "'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* at 591 (quoting

1

FRE 702). Low's proffered testimony on equitable factors does neither. It does not purport to provide a scientific or technical explanation of matters that the Court cannot understand. Mr. Lowe has no qualifications to do so. Rather, Low intends to tell this Court what "equitable factors" should be considered, how much they should be weighted, and what end result this Court should reach. This is not testimony as to a fact, but rather testimony on the application of discretion. It invades the province of the Court.

CERCLA explicitly vests this Court with discretion to allocate costs among responsible parties: in "resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. §9613(f). This discretion is broad: "'a court may consider several factors, a few factors or only one determining factor . . . depending on the totality of the circumstances presented to the court.'" *Carson Harbor Village, Ltd v. Unocal Corp.*, 270 F.3d 863, 894 n.7 (9th Cir. 2001) (en banc). Courts are fully capable of exercising their discretion, without testimony from environmental lawyers.

Consequently, when Mr. Low has offered to testify on the exercise of equitable judgment in a CERCLA case, his testimony has been excluded. *State of New York v. Westwood-Squibb Pharmaceuticals, Inc.*, 2001 U.S. Dist. LEXIS 11765 (2001). In *Westwood-Squibb*, Mr. Low proffered testimony on what he called an "allocation framework." *Id.* at *10. Mr. Low admits that he has used the identical methodology in this case. *See* Low Dec. at ¶6.

The *Westwood-Squibb* court began by discussing Mr. Low's qualifications. It noted that "Low is an attorney who has practiced environmental law for almost thirty years." *Id.* at *9. "Low is not an expert in any of the scientific or technical fields that are pertinent to this litigation (or CERCLA litigation generally)." *Id.* at 10 n.2. "Low is not an engineer or a chemist who could tell the court when certain contaminants were put in to the ground or what amounts of different contaminants

are attributable to the parties. Instead, Low is an attorney who has reviewed the opinions of the engineers, chemists, etc., and intends to tell the court how to interpret those opinions and how to weigh that evidence in light of certain equitable factors." *Id.* at *20.

The Court recognized that several federal courts had admitted the testimony of CERCLA allocation experts. *Id.* at *21. In these cases, however, the experts addressed the relative volume contribution of each party to the stream of hazardous substances. For example, in one such case, as part of a "court sanctioned development process," Mr. Low had "prepared a database which considered the relative contributions (by weight)" of the generators. *United States v. Pesses*, 120 F. Supp. 2d 503, 507 (W.D. Pa. 2000); *see also Boeing v. Cascade Corp.*, 207 F.3d 1177, 1188 (9th Cir. 2000) (dueling experts over volume-based allocation). However, Low's proffer in *Westwood-Squibb* was different: "By necessarily incorporating principles of equity into his testimony, Low seeks to do something different – something more – than what experts in cases like *Boeing* and *Feliciano* did. That is, Low does not merely seek to proffer opinions on ultimate issues of fact; he seeks to offer opinions on mixed issues of law and fact: which equitable factors to choose, how to weigh those factors, and what facts to apply to those factors." *Westwood-Squibb* at *30.

In speaking to questions of equity, Low had usurped the role of the court. "Since Low's testimony is ultimately directed at issues of equity, his testimony is more like series of legal conclusions that it is a series of opinions on ultimate issues of fact." *Id.* at * 31. Even recognizing that a court had more flexibility when sitting as the trier of fact, "the relaxation of the standard of admissibility does not mean that the court should devote its time and resources, as well as those of the opposing party, to a witness whose testimony might be presented with equal effect through pre-trial and post-trial briefs." *Id.* at *31-32.

Other courts have similarly excluded expert testimony on the equitable aspects of allocation. For example, in *American Special Risk Insurance Company v. City of Centerline*, 2002 WL 1480821 (E.D. Mich. 2002), the defendant had proffered a respected attorney (Barkett) experienced in performing CERCLA allocation work as both a neutral and an arbitrator "over and over again in numbers of cases around the country." *Id.* at *9. Nevertheless, the court ruled that the witness' "testimony attempts to persuade the Court, as it is the attorneys' jobs to do, how it should allocate costs in this case." *Id.* at *10. Since the subject of the witnesses' testimony "is identical to this Court's duty in this bench trial for CERLCA allocation," it was excluded. *Id.*

A similar result was reached in *Chitayat v. Vanderbilt Assoc.*, 2007 U.S. Dist. LEXIS 72207 (E.D.N.Y. 2007), which excluded an expert from offering any testimony on equitable cost allocation. "[The expert's] proposed testimony as to cost allocation based on the Gore factors violates the precept precluding an expert from stating ultimate legal conclusions based on facts." The court went on to quote from the moving papers that, "while expert testimony might illuminate the court's consideration of equitable factors, balancing those factors to arrive at an equitable allocation is an essentially judicial function."

In proposing his framework, Mr. Low is necessarily telling the Court which equitable allocation factors are most appropriate and how much weight they should be given under the circumstances of this case. This is a subject for argument by lawyers. It is not appropriate for one of the lawyers to take the stand as an expert witness. *Westwood-Squibb,* 2004 U.S. Dist. LEXIS 13841 at * 31 (Federal rules on expert testimony "are not intended to open the door for experts to state conclusions of law from the witness stand.").

## III. TESTIMONY ON EQUITY IS INHERENTLY UNRELIABLE AND WILL ONLY SERVE TO LENGTHEN THE TRIAL.

Mr. Low's proffered Declaration also fails this reliability requirement of FRE 702. The requirement of reliability applies to all expert testimony, regardless of whether such testimony is based on or founded in scientific, technical or other specialized knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). *Daubert* identified four indicia of reliability: testing, peer review, error rates, and acceptability in the relevant scientific community. 509 U.S. at 592-595. Mr. Low's Declaration offers none of these assurances of reliability.

Because his allocation framework relies on "equity," its validity cannot be tested. It is not subject to peer review. It has no error rate and it is not reproducible. All of this flows from the attempt to advise the court on what is equitable: "Actions in equity evolved as alternative to the strict confines of common law, and it was originally the clergy that heard and decided them. To this day, equity requires the decision-maker to determine a fair, just and moral result." *Westwood-Squibb*, at *29. Courts have observed that "allocation case law is of little value when a court is faced with the unique facts and equities of any given allocation trial." *Id.* at *30. Thus, "in the same way that trial courts cannot make equitable determinations by relying heavily on allocation case law, allocation experts cannot support their opinions by relying on an objective method of analysis." *Id.*

Testimony on equitable factors does not meet the test of reliability. The court should not expend its time hearing testimony and cross examination of a lawyer on the equities, when the court will ultimately need to apply its own sense of equity to the facts.[1]

---

[1] In fact, if the Court allows the Low testimony, the Court would need to hear from *two* witnesses on the equities, since AISLIC has its own expert prepared to testify on that subject. If the Court disallows the Low testimony, AISLIC would not offer testimony from Mr. Zoch on equitable allocation.

5

AISLIC OBJECTIONS TO DECLARATION OF MATTHEW LOW

## IV. THE REPORTS ATTACHED TO THE DECLARATION ARE INADMISSIBLE HEARSAY.

Attached to Mr. Low's declaration are two reports, consisting of more than 80, mostly single-spaced, small-print pages. They are not sworn. They are characterized by Mr. Low as his "two Rule 26 Reports." Low Decl. at ¶23. As Plaintiff explains in separate Motion, to the extent that these reports are being offered as evidence, they must be excluded as evasions of the Standing Order and as hearsay.

## V. CONCLUSION

For all the above reasons Mr. Low's declaration and reports should be excluded as evidence in the trial.

Dated: February 19, 2010

STEPTOE & JOHNSON LLP
WILLIAM T. HASSLER

STEPTOE & JOHNSON LLP
LAURENCE F. JANSSEN
MICHAEL R. HEIMBOLD
KIRSTEN HICKS SPIRA

By: /s/ Kirsten Hicks Spira
KIRSTEN HICKS SPIRA
Attorneys for Intervenor/Plaintiff
AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE
COMPANY