1  LAURENCE F. JANSSEN (SBN 147471)
   MICHAEL R. HEIMBOLD (SBN 173981)
2  KIRSTEN HICKS SPIRA (SBN 119885)
   STEPTOE & JOHNSON LLP
3  2121 Avenue of the Stars, Suite 2800
   Los Angeles, California 90067-5052
4  Telephone: (310) 734-3200//Facsimile: (310) 734-3300
   Email:    ljanssen@steptoe.com
5  Email:    mheimbold@steptoe.com
   Email:    kspira@steptoe.com
6

7  WILLIAM T. HASSLER (*admitted pro hac vice*)
   STEPTOE & JOHNSON LLP
8  1330 Connecticut Avenue, NW
   Washington D.C.  20036
9  Telephone:  (202) 429-6469 // Facsimile: (202) 429-3902
   Email:  whassler@steptoe.com
10

11 FLOYD PERRY BIENSTOCK (*admitted pro hac vice*)
   STEPTOE & JOHNSON LLP
12 201 East Washington St.
   Phoenix, Arizona 85004
13 Telephone:  (602) 257-5200 // Facsimile: (602) 257-5299
   Email:  fbienstock@steptoe.com
14

15 Attorneys for Plaintiff AMERICAN INTERNATIONAL
   SPECIALTY LINES INSURANCE COMPANY
16

17              **UNITED STATES DISTRICT COURT**

18             **CENTRAL DISTRICT OF CALIFORNIA**

19

| | |
|---|---|
| 20 AMERICAN INTERNATIONAL | Case No.:  CV 09-01734 AHM (RZx) |
| 21 SPECIALTY LINES INSURANCE | |
| COMPANY, | **PLAINTIFF AISLIC'S NOTICE OF** |
| 22 | **MOTION IN LIMINE AND** |
| | **MOTION IN LIMINE TO** |
| 23 Plaintiff, | **EXCLUDE, IN WHOLE OR IN** |
| | **PART, THE TESTIMONY OF:** |
| 24 vs. | **(1) MATTHEW LOW,** |
| | **(2) CHARLES R. MCLANE III, AND** |
| 25 | **(3) DAVID L. BAUER;** |
| UNITED STATES OF AMERICA, | **MEMORANDUM OF POINTS AND** |
| 26 | **AUTHORITIES IN SUPPORT** |
| Defendant. | |
| 27 | Assigned to the Hon. A. Howard Matz |
| | Date:       February 7, 2011 |
| 28 | Time:       10:00 a.m. |
| | Courtroom:  14 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 7, 2011, at 10:00 a.m. or soon thereafter as the matter may be heard, in Courtroom 14 of the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, CA, 90012, the Honorable A. Howard Matz, presiding, Plaintiff American International Specialty Lines Insurance Company will and hereby does move the Court for an Order granting AISLIC's Motion to Limine to Exclude, In Whole Or In Part, the Testimony of: (1) Matthew Low, (2) Charles R. McLane II and (3) David L. Bauer.

This Motion is based on this Notice of Motion and Motion and Memorandum of Points and Authorities in Support Thereof, the pleadings and papers on file herein, and such other and further arguments as may be presented at the hearing of this Motion.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made following the conference of counsel pursuant to Local Rule, 7-3 which took place on February 8, 2010, and December 2, 2010.

Dated:  December 6, 2010

STEPTOE & JOHNSON LLP
WILLIAM T. HASSLER

STEPTOE & JOHNSON LLP
LAURENCE F. JANSSEN
MICHAEL R. HEIMBOLD
KIRSTEN HICKS SPIRA

By:___/s/ Kirsten Hicks Spira___
       KIRSTEN HICKS SPIRA
Attorneys for Intervenor/Plaintiff
AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE
COMPANY

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................ 1

DISCUSSION ................................................................................... 1

I.      DECLARATION OF MATTHEW LOW ...................................... 1

      A.      The Declaration And Reports Of Mr. Low Invade The Province Of This Court. ......................................................................... 2

      B.      Testimony On Equity Is Inherently Unreliable And Will Only Serve To Lengthen The Trial. .......................................... 5

II.     DECLARATION OF CHARLES F. MCLANE III ...................... 6

      A.      The Entire McLane Declaration Should be Excluded ...................... 7

            1.      Competence .............................................................. 7

            2.      Cumulativeness ......................................................... 9

      B.      Specific Objections To The McLane Declaration ........................... 10

III.    DECLARATION OF DAVID L. BAUER ................................. 16

      A.      The Entire Bauer Declaration Should Be Excluded ....................... 17

            1.      Competence .............................................................. 17

      B.      Duplication .................................................................. 18

      C.      Specific Objections To The Bauer Declaration .............................. 20

            1.      Evidentiary Objections by Paragraph ................................... 20

IV.    THE REPORTS ATTACHED TO THE DECLARATIONS ARE INADMISSIBLE  HEARSAY. ................................................. 25

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Aguilar v. International Longshoremen's Union*,
   966 F.2d 443 (9th Cir. 1992) ................................................................ 9

*American Special Risk Insurance Co. v. City of Centerline, et. al.*,
   2002 WL 1480821 (E.D. Mich 2002) ....................................... 2, 4-5

*Boeing v. Cascade Corp.*,
   207 F.3d 1177 (9th Cir. 2000) ........................................................... 4

*Burkhart v. Washington Metro. Area Transit Auth.*
   112 F.3d 1207 (DC Cir. 1997)....................................................... 21-23

*Carson Harbor Village, Ltd v. Unocal Corp.*,
   270 F.3d 863 (9th Cir. 2001) (en banc) ........................................... 3

*Channel Master Satellite Sys., Inc. v. JFD Elecs. Corp.*,
   748 F.Supp. 373 (E.D.N.C. 1990) ................................................... 18

*Chitayat v. Vanderbilt Assoc.*,
   2007 U.S. Dist. LEXIS 72207 (E.D.N.Y. 2007) .............................. 5

*Crow Tribe of Indians v. Racicot*,
   87 F.3d 1039 (9th Cir. 1996) ............................................. 9, 18, 20

*Dahlin v. Evangelical Child & Family Agency*,
   2002 U.S. Dist. LEXIS 24558, No. 01 C 1182, 2002 WL 31834881 (N.D.
   Ill. Dec. 18, 2002) ..................................................................... 10, 19

*Daubert v. Merrel Dow Pharms., Inc.*,
   509 U.S. 579 (1993)..................................................................Passim

*Davis v. Mason County*,
   927 F.2d 1473 (9th Cir. 1991) superceded by statute on other grounds,
   *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir.
   1992) ..................................................................................... 10, 18-19

*Halcomb v. Wash. Metro. Area Transit Auth.*,
   526 F. Supp. 2d 24 (D. DC 2007)............................................... 9, 18

*Hill v. Rolleri*,
   615 F.2d 886 (9th Cir. 1980) .................................................................. 13, 24

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999).................................................................................. 5

*McHugh v. United Service Auto Assn.*,
   164 F.3d 451 (9th Cir. 1999) ................................................................21-23

*Murphy v. Metro Transp. Authority*,
   2009 WL 1044604 (S.D.N.Y April 14, 2009)................................................ 25

*New York v. Westwood-Squibb Pharmaceuticals, Inc.*,
   2001 U.S. Dist. LEXIS 11765 (2001) .....................................................Passim

*Nieves-Villanueva v. Soto-Rivera*
   133 F.3d 92 (1st Cir. 1997).................................................................20-23

*Seaboard Lumber Co. v. United States*,
   308 F.3d 1283 (Fed. Cir. 2002) ................................................................. 8

*United States v. Chang*,
   207 F.3d 1169 (9th Cir. 2000) ................................................................. 18

*United States v. Pesses*,
   120 F. Supp. 2d 503 (W.D. Pa. 2000) ......................................................... 4

*United States v. Walker*,
   910 F.Supp. 861 (N.D.N.Y. 1995) ........................................................ 10, 20

*Washington v. Greenfield*,
   1986 U.S. Dist. LEXIS 19037, 1986 WL 15758 (D.D.C. Oct. 15, 1986). 10, 19

*Weiss v. Allstate Ins. Co.*,
   512 F. Supp. 2d 463 (E.D. La. 2007) ......................................................... 25

*Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*,
   254 F.3d 706 (8th Cir. 2001) .................................................................. 17

**FEDERAL STATUTES**

42 U.S.C. §9613(f).................................................................................. 3

**FEDERAL RULES AND REGULATIONS**

Fed. R. Evid. 26 ................................................................................................ 25

Fed. R. Evid. 403 .........................................................................................Passim

Fed. R. Evid. 404(b).................................................................................... 13, 23

Fed. R. Evid. 702 .........................................................................................Passim

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Pursuant to the Court's direction at the November 30, 2010 Status Conference, Plaintiff American International Specialty Lines Insurance Company ("Plaintiff" or "AISLIC") hereby re-files its objections to the previously filed declarations of Defendant United States of America's ("Defendant" or "Government") witnesses, Matthew Low, David L. Bauer, and Charles R. McLane III. (These objections were initially filed as Docket Nos. 125, 127, and 124.) AILSIC files these objections now, well in advance of the Phase II trial, because it believes they may significantly impact the length and content of the trial.[1]

The Government currently has designated five expert witnesses to testify as to allocation issues. Much of this testimony is duplicative. The motions below, if granted, would eliminate two of these witnesses (Low and Bauer) and significantly limit the testimony of a third (McLane), and thus would significantly reduce the amount of time needed to try the next phase.

### DISCUSSION

### I.    DECLARATION OF MATTHEW LOW

Mr. Low is a lawyer with a college degree in engineering who purports to direct the Court as to how liability should be equitably allocated between the parties on a percentage basis. (*See* Declaration of Mathew Low in Lieu of Direct Testimony, Docket No. 97-6, filed 2/08/2010.) Mr. Low's proposed testimony should be excluded in its entirety because it invades the province of the Court, which is to review the evidence and exercise its own equitable discretion to decide how costs should be allocated, and separately because it does not meet any of the tests for reliability under *Daubert v. Merrel Dow Pharms., Inc*., 509 U.S. 579, 589-590 (1993). In fact, Mr. Low's testimony on precisely the same subject as offered

---

[1] AILSIC, however, does not waive its right to file additional objections in accordance with the deadlines set forth in the Court's Standing Order.

1

1  here was excluded by at least one District Court on the grounds that the proffered

2  testimony was merely a series of legal conclusions rather than an expert opinion as

3  to ultimate facts. *New York v. Westwood-Squibb Pharmaceuticals, Inc.,* 2001 U.S.

4  Dist. LEXIS 11765 (2001). As the *Westwood-Squibb Pharmaceuticals* Court

5  explained, even where the court sits as the trier of fact, this "does not mean that the

6  court should devote its time and resources, as well as those of the opposing party,

7  to a witness whose testimony might be presented with equal effect through pre-trial

8  and post-trial briefs." *Id*. at *31-32. *See also American Special Risk Insurance Co.*

9  *v. City of Centerline, et. al.*, 2002 WL 1480821 (E.D. Mich 2002) (excluding

10  testimony from proffered attorney expert on equitable allocation).

11     Accordingly, AILSIC request that this Court exclude this "equitable"

12  testimony from a lawyer and instead permit the trial to focus on the facts.

13     **A.   The Declaration And Reports Of Mr. Low Invade The Province**

14          **Of This Court.**

15     The testimony of an expert witness is not admissible unless it is both

16  relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589-

17  590 (1993). In order to be relevant, expert testimony must "'assist the trier of fact

18  to understand the evidence or to determine a fact in issue.'" *Id*. at 591 (quoting

19  FRE 702). Low's proffered testimony on equitable factors does neither. It does

20  not purport to provide a scientific or technical explanation of matters that the Court

21  cannot understand. Mr. Lowe has no qualifications to do so. He does not have

22  expert credentials in geology, hydrogeology, or any of the other scientific

23  disciplines that may be implicated by this case.[2] (Low Decl. ¶ 1). Rather, Low

24  intends to tell this Court what "equitable factors" should be considered, how much

25  they should be weighted, and what end result this Court should reach. This is not

26

27  _____

28  [2] For the past 23 years Mr. Low has been engaged as an "equitable cost allocation" mediator, arbitrator and expert witness. He claims that it is his role as expert to analyze the evidence in the record, consider "relevant allocation factors and recommend a fair allocation for the particular case." (Low Decl. ¶ 1)

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART,
TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER
Doc. # CC-238519

testimony as to a fact, but rather testimony on the application of discretion. It invades the province of the Court.

CERCLA explicitly vests this Court with discretion to allocate costs among responsible parties: in "resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. §9613(f).  This discretion is broad: "'a court may consider several factors, a few factors or only one determining factor . . . depending on the totality of the circumstances presented to the court.'" *Carson Harbor Village, Ltd v. Unocal Corp.*, 270 F.3d 863, 894 n.7 (9th Cir. 2001) (en banc).  Courts are fully capable of exercising their discretion, without testimony from environmental lawyers.

Consequently, when Mr. Low has offered to testify on the exercise of equitable judgment in a CERCLA case, his testimony has been excluded. *State of New York v. Westwood-Squibb Pharmaceuticals, Inc.,* 2001 U.S. Dist. LEXIS 11765 (2001). In *Westwood-Squibb*, Mr. Low proffered testimony on what he called an "allocation framework." *Id.* at *10.  Mr. Low admits that he has used the identical methodology in this case.  *See* Low Dec. at ¶6.

The *Westwood-Squibb* court began by discussing Mr. Low's qualifications. It noted that "Low is an attorney who has practiced environmental law for almost thirty years."  *Id.* at *9.  "Low is not an expert in any of the scientific or technical fields that are pertinent to this litigation (or CERCLA litigation generally)." *Id.* at 10 n.2.  "Low is not an engineer or a chemist who could tell the court when certain contaminants were put in to the ground or what amounts of different contaminants are attributable to the parties.  Instead, Low is an attorney who has reviewed the opinions of the engineers, chemists, etc., and intends to tell the court how to interpret those opinions and how to weigh that evidence in light of certain equitable factors."  *Id*. at *20.

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

1    The Court recognized that several federal courts had admitted the testimony
2    of CERCLA allocation experts.  *Id*. at *21.  In these cases, however, the experts
3    addressed the relative volume contribution of each party to the stream of hazardous
4    substances. For example, in one such case, as part of a "court sanctioned
5    development process," Mr. Low had "prepared a database which considered the
6    relative contributions (by weight)" of the generators.  *United States v. Pesses*, 120
7    F. Supp. 2d 503, 507 (W.D. Pa. 2000); *see also Boeing v. Cascade Corp*., 207 F.3d
8    1177, 1188 (9th Cir. 2000) (dueling experts over volume-based allocation).
9    However, Low's proffer in *Westwood-Squibb* was different:  "By necessarily
10   incorporating principles of equity into his testimony, Low seeks to do something
11   different – something more – than what experts in cases like *Boeing* and *Feliciano*
12   did.  That is, Low does not merely seek to proffer opinions on ultimate issues of
13   fact; he seeks to offer opinions on mixed issues of law and fact: which equitable
14   factors to choose, how to weigh those factors, and what facts to apply to those
15   factors."  *Westwood-Squibb* at *30.

16   In speaking to questions of equity, Low had usurped the role of the court.
17   "Since Low's testimony is ultimately directed at issues of equity, his testimony is
18   more like series of legal conclusions that it is a series of opinions on ultimate
19   issues of fact." *Id*. at * 31.  Even recognizing that a court had more flexibility when
20   sitting as the trier of fact, the court warned that this did not justify expending the
21   court's "time and resources, as well as those of the opposing party, to a witness
22   whose testimony might be presented with equal effect through pre-trial and post-
23   trial briefs." *Id*. at *31-32.

24   Other courts have similarly excluded expert testimony on the equitable
25   aspects of allocation.  For example, in *American Special Risk Insurance Company*
26   *v. City of Centerline*, 2002 WL 1480821 (E.D. Mich. 2002), the defendant had
27   proffered a respected attorney (Barkett) experienced in performing CERCLA
28   allocation work as both a neutral and an arbitrator "over and over again in numbers

4

of cases around the country."  *Id*. at *9.  Nevertheless, the court ruled that the witness' "testimony attempts to persuade the Court, as it is the attorneys' jobs to do, how it should allocate costs in this case." *Id*. at *10.  Since the subject of the witnesses' testimony "is identical to this Court's duty in this bench trial for CERCLA allocation," it was excluded.  *Id*.

A similar result was reached in *Chitayat v. Vanderbilt Assoc.*, 2007 U.S. Dist. LEXIS 72207 (E.D.N.Y. 2007), which excluded an expert from offering any testimony on equitable cost allocation.  "[The expert's] proposed testimony as to cost allocation based on the Gore factors violates the precept precluding an expert from stating ultimate legal conclusions based on facts."  The court went on to quote from the moving papers that, "while expert testimony might illuminate the court's consideration of equitable factors, balancing those factors to arrive at an equitable allocation is an essentially judicial function."

In proposing his framework, Mr. Low is necessarily telling the Court which equitable allocation factors are most appropriate and how much weight they should be given under the circumstances of this case.  This is a subject for argument by lawyers. It is not appropriate for one of the lawyers to take the stand as an expert witness.  *Westwood-Squibb,* 2004 U.S. Dist. LEXIS 13841 at * 31 (Federal rules on expert testimony "are not intended to open the door for experts to state conclusions of law from the witness stand.").

## B.    Testimony On Equity Is Inherently Unreliable And Will Only Serve To Lengthen The Trial.

Mr. Low's proffered Declaration also fails this reliability requirement of FRE 702. The requirement of reliability applies to all expert testimony, regardless of whether such testimony is based on or founded in scientific, technical or other specialized knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). *Daubert* identified four indicia of reliability: testing, peer review, error rates, and

5

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART,
TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

1  acceptability in the relevant scientific community.  509 U.S. at 592-595.  Mr.
2  Low's Declaration offers none of these assurances of reliability.
3       Because his allocation framework relies on "equity," its validity cannot be
4  tested.  It is not subject to peer review.  It has no error rate and it is not
5  reproducible.  All of this flows from the attempt to advise the court on what is
6  equitable: "Actions in equity evolved as alternative to the strict confines of
7  common law, and it was originally the clergy that heard and decided them.  To this
8  day, equity requires the decision-maker to determine a fair, just and moral result."
9  *Westwood-Squibb*, at *29.  Courts have observed that "allocation case law is of
10  little value when a court is faced with the unique facts and equities of any given
11  allocation trial."  *Id.* at *30.  Thus, "in the same way that trial courts cannot make
12  equitable determinations by relying heavily on allocation case law, allocation
13  experts cannot support their opinions by relying on an objective method of
14  analysis." *Id.*
15       Testimony on equitable factors does not meet the test of reliability. The
16  court should not expend its time hearing testimony and cross examination of a
17  lawyer on the equities, when the court will ultimately need to apply its own sense
18  of equity to the facts. [3]
19  ## II.  DECLARATION OF CHARLES F. MCLANE III
20       Dr. McLane, a geologist, has been tendered by the United States as an expert
21  who can address such topics as whether Whittaker's employees were "out of
22  compliance with the waste handling standards" and whether the company's
23  dumping activities were permitted by the State or directed or required by the

24  ───────────────
25  [3] If the Court disallows Low's testimony, it would not only totally eliminate the
need for Low to testify, but would also reduce the amount of testimony from a
26  *second* witness (Robert Zoch), whom AISLIC has designated to respond to Low.
If Low's testimony is disallowed, AISLIC would voluntarily eliminate those parts
27  of Mr. Zoch's testimony regarding allocation that directly correspond to the issues
addressed by Low.  Unlike Mr. Low, Mr. Zoch has a scientific basis for his
28  opinions and offers other testimony that would not be affected by this motion.

1  United States.  (*See* Declaration of Charles F. McLane in Lieu of Direct
2  Testimony, Docket No. 97-7, filed 2/08/2010 ¶¶ 7, 9).[4]

3        This proffered testimony must be excluded for several reasons.  First, Dr.
4  McLane addresses subjects outside his expertise.  He has no qualifications to
5  address the standard of care at a manufacturing facility dealing with explosive
6  materials.  He is not an expert in the required government procedures or
7  regulations for disposing of explosive materials.  Second, insofar as his declaration
8  addresses the standard of care applicable to Whittaker employees, it is cumulative
9  of other testimony.  In particular, the McLane Declaration is cumulative of the
10 opinions proffered by David L. Bauer, who also speaks to the applicable standard
11 of care, government permitting of dumping and government ownership of
12 equipment. Finally, paragraphs 16-19 of Dr. McLane declaration relate
13 (improperly) to government ownership of equipment and releases from such
14 equipment and were specifically offered during Phase I.  (Tr. Trans. 974:75-
15 975:24, v.1 3/2/10.)  These issues have already been tried and ruled on, and
16 therefore Mr. McLane's testimony in this regard is moot and duplicative.

17        **A.    The Entire McLane Declaration Should be Excluded**
18              **1.    Competence**
19        The McLane Declaration should be excluded in its entirety because it is
20 principally concerned with issues outside of Dr. McLane's area of expertise.  Dr.
21 McLane is a hydro-geologist. He has a B.A. in geology, an M.S. in geology, and a
22 Ph.D. in environmental sciences with an emphasis in hydro-geology.  McLane
23 Decl. at ¶3.  By his own account, he "specialize[s] in ground water flow system

---

[4] Dr. McLane testified in Phase I of this case.  His opinions in Phase I related
primarily to whether there were releases of hazardous substances from
Government-owned equipment at the Site.  As noted below, the Court's findings in
its June 30, 2010 Order rejected many of McLane's opinions, including his opinion
regarding use of government-owned equipment.

7

1    analysis and in the fate and transport of chemical contaminants in the subsurface."

2    *Id.* at 1. As a hydro-geologist Dr. McLane admits to providing expert testimony on:

3    (1) direction and rate of groundwater flow, (2) nature and extent of contamination,

4    (3) identification of contribution sources of contamination, (4) fate and transport of

5    chemicals and (5) adequacy and necessity of remedial efforts.  (McLane Decl. at

6    ¶1, 2).

7         With that background, one would expect that Dr. McLane's declaration

8    would focus on the ground water flow and the movement of chemical

9    contaminants in the subsurface at the Whittaker site.  It does not.  Instead, its focus

10   is admittedly on "Whittaker-Bermite's operations and management of waste at the

11   Site" and whether they are "responsible" for the contamination.  (McLane Decl.

12   ¶6).  Thus, Dr. McLane opines on a wide range of issues beyond his area of

13   expertise. For example, he provides an opinion on:

14   •   Whether the practices followed by Whittaker employees were consistent

15       with Whittaker's waste handling standards (McLane Decl. ¶8);

16   •   Whether the company's dumping activities were permitted by the State or

17       directed or required by the United States (McLane Decl. ¶9);

18   •   Whether Whittaker or the Government made the decision to conduct on-

19       site burning of perchlorates (McLane Decl. ¶13);

20   •   Whether Whittaker misled regulators (McLane Decl. ¶15); and

21   •   Who owned the equipment and whether there was a release from

22       Government-owned equipment (McLane Decl. ¶16-19).

23         These are plainly not questions of geology or hydro-geology.  They are not

24   questions of water or contaminant flow.  Dr. McLane clearly lacks the proper

25   qualifications to address these topics.  Even in a bench trial, this Court must

26   exclude testimony by someone clearly lacking the appropriate expertise to address

27   the subjects of his testimony. *Seaboard Lumber Co. v. United States*, 308 F.3d

28   1283, 1302 (Fed. Cir. 2002) (in a bench trial, the *Daubert* standards of relevance

1    and reliability, though lessened, must still be met). Opinions outside an expert's

2    area of expertise are "neither reliable nor helpful to the trier of fact." *Halcomb v.*

3    *Wash. Metro. Area Transit Auth.*, 526 F. Supp. 2d  24, 27 (D. DC 2007).

4         In addition, many of the issues that Dr. McLane addresses are not

5    appropriate for expert testimony.  Several of them – such as questions of whether

6    Whittaker complied with federal or state regulations, whether the Government

7    controlled the burning of perchlorates and government ownership of the equipment

8    -- are questions of law reserved for the Court.  "Expert testimony is not proper for

9    issues of law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.

10   1996); *see also Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447

11   (9th Cir. 1992) (noting matters of law are for the court's determination, not that of

12   an expert witness).  Others, such as the practices of company employees, are

13   questions of fact on which the Court can review the historical record just as well as

14   Dr. McLane.   This Court does not need testimony from a hydro-geologist to

15   decide these questions.

16              **2.    Cumulativeness**

17        Dr. McLane's testimony should also be excluded as cumulative. The Court

18   will hear direct testimony from the employees about their manufacturing and waste

19   disposal practices.  The Court will have access to the government contracts,

20   regulations and manuals.  It will also hear from contracting personnel on both

21   sides.  In view of this testimony, the Court does not need a geologist to address

22   whether employees met company standards for waste disposal or what was

23   required or permitted by the federal government.[5]

24        Finally, Dr. McLane's proffered testimony on Whittaker's supposed failings

25   various standards for waste handling is cumulative of another witness proffered by

26   _____

27   [5] Dr. McLane's declaration actually offers relatively little testimony about the
     scope of the contamination.  This issue is already thoroughly covered by the

28   numerous reports created during the remedial investigation process.  Opinions
     from a hydro-geologist on this well trod ground would only prolong the trial.

1  the United States, Dr. David Bauer.  Dr. Bauer – though equally unqualified to do

2  so -- also offers his opinions on whether company employees fell short of the

3  standard of care (Bauer Decl. at ¶7), violated federal or state laws or permitting

4  requirements (Bauer Decl. ¶¶ 7,8, 9), and engaged in dumping that led to

5  contamination (Bauer Decl. at ¶10).  There is no excuse for having *two* witnesses,

6  neither of whom is expert in the management of a defense plant handling

7  explosives, addressing these subjects.

8      Pursuant to Rule 403, testimony from multiple experts on the same topic is

9  cumulative and grounds for exclusion.  *Davis v. Mason County*, 927 F.2d 1473,

10  1484 (9th Cir. 1991), superceded by statute on other grounds, *Davis v. City and

11  County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992); *Dahlin v.

12  Evangelical Child & Family Agency*, 2002 U.S. Dist. LEXIS 24558, No. 01 C

13  1182, 2002 WL 31834881, *3 (N.D. Ill. Dec. 18, 2002); *Washington v. Greenfield*,

14  1986 U.S. Dist. LEXIS 19037, 1986 WL 15758 (D.D.C. Oct. 15, 1986) (precluding

15  experts witnesses who "will present very similar testimony … in the same field"

16  because it would be "unnecessarily cumulative" and would not "add to the

17  evidence presented at trial in a meaningful way.").  Application of Rule 403

18  ensures that a litigant cannot "make its case through the sheer weight of successive

19  expert testimony by even two experts as to their identical conclusions on identical

20  issues …." *United States v. Walker*, 910 F.Supp. 861, 863 (N.D.N.Y. 1995).

21      **B.    Specific Objections To The McLane Declaration**

22      In the event the Court does not grant Plaintiff's motion to strike the expert

23  declaration of Mr. McLane in its entirety, Plaintiff submits the following specific

24  evidentiary objections to his declaration.

25      ///

26      ///

27      ///

28      ///

| Challenged Statement | Evidentiary Objection |
|---|---|
| **(McLane ¶8 )** "Whittaker-Bermite's internal waste handling standards provided for the containerization of production wastes. As documented by internal memoranda, employees were found to be out of compliance with the waste handling standards. The failure of Whittaker-Bermite's employees to follow the company's waste handling standards resulted in Site contamination." | **Competence (FRE 702); Relevance (FRE 403):** As a geologist, Dr. McLane has no expertise with regard to Whittaker's internal waste handling standards and has no special qualifications to decide whether its employees followed those standards. **Duplicative (FRE 403):** See Bauer Declaration at ¶7. |
| **(McLane ¶11)** "Whittaker-Bermite's failure to provide adequate impoundments and sumps resulted in contamination of soil and groundwater at the Site and likely impacted nearby drinking water wells." | **Competence (FRE 702):** Dr. McLane does not have the expertise to opine on whether Whittaker-Bermite "failed" to provide "adequate" impoundments or simply conformed to the then existing standard of care. **Duplicative (FRE 403)**: *See* Bauer Decl. ¶¶ 9,10 (faulty impoundments led to contamination) |
| **(McLane ¶13)** "The decision to conduct on-site burning was made by Whittaker-Bermite and the manner in which the burning operations were performed was controlled by Whittaker-Bermite." | **Relevance (FRE 403):** The subject matter of this testimony was at issue in Phase I, resulted in conclusive finding of fact (*see* Doc. No. 179, p. 34, Court's Findings of Fact Nos. 185-88) and therefore is not relevant to Phase II of this trial. **Competence (FRE 702):** Dr. McLane has no qualifications to |

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART,
TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER
Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| | address who made the decision to conduct on-site burning or who controlled its manner. He is not an expert in government contracts or the requirements of Government Safety Manuals. |
| **(McLane ¶15)** "Whittaker-Bermite misled regulators with regard to their waste disposal practices at unpermitted dumps, the Building 317 impoundment, and the Burn Area." | **Competence (FRE 702); Relevance (FRE 403):** Dr. McLane is not an expert in regulation, has never been a regulator, and has no qualifications to address these asserted facts, which are not appropriate for expert testimony in any event. Further, this statement is not limited to the substances whose remediation is at issue in this litigation. Nor is the statement a proper factual basis for any opinion that Dr. McLane is qualified to provide. **Duplicative (FRE 403):** *See* Bauer Decl. at ¶¶7, 8 (lack of permits). |
| **(McLane ¶15)** For example, Whittaker-Bermite did not disclose the unpermitted dump sites to state or federal regulators, which resulted in consideration of a criminal referral. In addition, Whittaker-Bermite implied to the California Department of Health | **Relevance (FRE 403); Character Evidence (FRE 404(b)):** References to recommended criminal charges - particularly when no charges were ever brought – are irrelevant and unduly prejudicial. Moreover, McLane's declaration violates Fed. R. Evid. |

AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| Services that there were no releases at the Building 317 impoundment when the evidence proved otherwise and failed to disclose to regulators that solvents were disposed at the Burn Area. | 404(b) ("evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980) (excluding evidence of prior citation). Nor is the statement a proper factual basis for any opinion that Dr. McLane is qualified to provide.<br>**Duplicative (FRE 403):** See Bauer Declaration at ¶8. |
| **(McLane ¶16)** "There is no evidence that a release of hazardous substances occurred from U.S. Government-owned equipment at the Site." | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding ownership of equipment (*see, e.g.,* Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116) and therefore this testimony is not relevant to Phase II of this trial and is cumulative.<br>**Competence (FRE 702):** Dr. McLane lacks competence to weigh the |

13

AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| | sufficiency of the evidence. This is the role of the Court. In addition, he lacks the qualifications to opine on whether a release occurred from "U.S. Government owned equipment." This is legal question for the Court. |
| **(McLane ¶16)** "This company practice – and Whittaker-Bermite's failure to prevent water containing perchlorate from escaping the buildings and reaching the ground – continued up until 1986 (Pierson Depo. P. 183-188). This uncontrolled process likely caused or contributed to the contamination in the production areas where this occurred." | **Competence (FRE 702):** Dr. McLane has no qualifications to address whether there was a "failure" to prevent water from escaping the buildings or whether this was consistent with government-mandated procedures. By the same token, he has no competence to address whether this process was "uncontrolled" by either Whittaker management or DCAS inspectors.<br>**Duplicative (FRE 403):** *See* Bauer Decl. at ¶¶7, 10 (wastewater led to contamination). |
| **(McLane ¶17)** "Documents related to the Building 314 fire . . . indicate that the only U.S. Government-owned equipment there at the time was a crusher, multi-swing hammer. Whittaker-Bermite owned two other grinders in the same building. Even if | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24, v.1 3/2/10), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. |

AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| the crusher was used, which no Whittaker-Bermite employee who was deposed was able to confirm, there is no evidence of a release to the soil or groundwater from it." | McLane's opinions regarding ownership of equipment (see, e.g., Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116) and therefore is not relevant to Phase II of this trial.<br><br>**Competence (FRE 702):** Dr. McLane is not qualified as an expert to opine on ownership of equipment or to review employee depositions to determine manufacturing practices. This is far afield for a hydro-geologist. |
| **(McLane ¶18)** "Based on Mr. Tigue's description, there is insufficient basis to conclude that a release to soil or groundwater occurred from any mandrels." | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24, v.1 3/2/10), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding whether the use of government-owned mandrels caused contamination at the site (*see, e.g.,* Doc. No. 179, pp. 13-15, 17-18, Court's Findings of Fact Nos. 71-74,78-82, 86, 104-108) and therefore is not relevant to Phase II of this trial.<br><br>**Competence (FRE 702):** Dr. McLane |

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART,
TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| | lacks the qualifications to opine on the release of substances from equipment or on the sufficiency of the evidence based on employee descriptions of their work. |
| **(McLane ¶19)** "Without more information, these listings and the other similar documents I have reviewed do not establish to a reasonable degree of scientific certainty that a release occurred from any government equipment at the Site." | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24), and the Court has already made extensive conclusive finding of fact in which the Court rejected Dr. McLane's opinions regarding whether the use of government-owned equipment caused contamination at the site (see, e.g., Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116) and therefore is not relevant to Phase II of this trial. **Competence (FRE 702):** Dr. McLane has no qualifications to opine on what equipment may have been government owned. |

## III.    DECLARATION OF DAVID L. BAUER

Plaintiff AISLIC hereby objects to the entirety of the Declaration of David L. Bauer, tendered as an expert on the standard of care for waste disposal at the Whittaker facility, on the grounds that Mr. Bauer, a chemist, has no qualifications

16

to that subject and further his Declaration is cumulative of the opinions expressed
by another expert witness proffered by the United States -- Charles F. McLane III.
AISLIC also objects to specific paragraphs based on a variety of grounds described
below, including relevance, prejudice, and competence.   (*See* Declaration of David
L. Bauer in Lieu of Direct Testimony, Docket No. 97-3, filed 2/08/2010.)

### A.    The Entire Bauer Declaration Should Be Excluded

#### 1.    Competence

The Bauer Declaration should be excluded in its entirety because it is
principally concerned with issues outside of Mr. Bauer's area of expertise.  Mr.
Bauer has a B.S. in chemistry.  He started at Idaho State in 1957, left after two
years, and obtained his undergraduate degree eleven years later in 1968 from John
F. Kennedy University. (Bauer Dep. at 14, 15) He is currently an environmental
consultant.

Rather than analyzing and offering an opinion on the chemical components
at the Site, Bauer offers opinions on "the appropriate standard of care" for the
manufacturing operations. (Bauer Decl. ¶4).  However, he has no expertise in the
government-required procedures for disposing of explosive materials.  He has
"never been involved in a consulting or engineering capacity with the manufacture
or production of ordinance or missiles for the government."  (Bauer Dep. at 104.)
He has never published any article dealing with disposal of perchlorate.  (*Id.* at
111)

Because Mr. Bauer lacks expertise on the applicable standard of care, his
opinions fail to satisfy the requirements of Fed. R. Evid. 702.  *Daubert v. Merrell
Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-91, 594-95, 113 S. Ct. 2786, 125 L.
Ed. 2d 469 (1993).  As someone without experience, let alone expertise, on the
topics of his declaration, the opinions must be excluded.  *See Wheeling Pittsburgh
Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001)
(hydrologist who specialized in flood management was not qualified to provide

1   expert testimony on safe warehousing practices in action for flood damage to
2   property stored in warehouse because he had no education or experience in
3   warehousing); *United States v. Chang*, 207 F.3d 1169, 1171-74 (9th Cir. 2000);
4   *Channel Master Satellite Sys., Inc. v. JFD Elecs. Corp.,* 748 F.Supp. 373, 386
5   (E.D.N.C. 1990) (excluding testimony by an environmental engineer outside his
6   area of expertise).

7           Perhaps because of his lack of appropriate experience, Mr. Bauer's opinions
8   actually contain relatively little information about industry practice.  Instead, he
9   offers his view of whether Whittaker complied with California's statutes and
10  regulations and federal statutes. (Bauer Decl. ¶¶ 7, 8, 9) These are questions of law
11  for the Court, not for a chemist.  "Expert testimony is not proper for issues of law."
12  *Crow Tribe of Indians v. Racicot*, 87 F.3d at 1045.  Mr. Bauer also purports to
13  recount the company's practices based on "corporate documents and testimony of
14  former employees." (Bauer Decl. ¶9). These are questions of historical fact on
15  which the Court can, and no doubt will, reach its own findings.  Testimony from an
16  expert will not help.

17          These topics are not suitable for expert testimony.  Moreover, opinions
18  outside an expert's area of expertise are "neither reliable nor helpful to the trier of
19  fact." *Halcomb v. Wash. Metro. Area Transit Auth.*, 526 F. Supp. 2d at 27.  Mr.
20  Bauer's attempt to opine on manufacturing practices should be excluded.

21          **B.    Duplication**

22          Plaintiff also objects to the Declaration of Mr. Bauer as cumulative pursuant
23  to FRE 403.  Under Rule 403, this Court may prevent a party from wasting time by
24  calling successive expert witnesses to testify regarding the same topic. *See Davis*
25  *v. Mason County*, 927 F.2d at 1484 ("A district court may exclude relevant, but
26  cumulative evidence, because of "considerations of undue delay, waste of time, or
27  needless presentation.").  This is exactly what Defendant seeks to do by calling Mr.
28  Bauer and Dr. McLane.

1   Mr. Bauer's testimony would be duplicative in almost every respect of Dr.

2   McLane.  Mr. Bauer discusses how "[p]recipitation from the Whittaker facility

3   would flow down the canyons, eventually reaching the Santa Clara River only a

4   short distance away . . . and chemicals or wastes exposed to rainfall would be

5   dissolved or leached and subsequently reach the ground and enter the soil column."

6   (Bauer Decl. at ¶6).  Similarly, Dr. McLane how "[e]xposure of perchlorate and

7   VOC's to infiltrating precipitation causes them to move downwards through the

8   vadose zone into the groundwater system." (McLane Decl. at ¶¶5, 9, 11 and 13).

9   Mr. Bauer says that Whittaker's "practices at the Site were in violation of

10  permits issued to Whittaker, California's environmental statutes and regulations."

11  (Bauer Decl. at ¶7).  Dr. McLane states, "The company's dumping activities were

12  not permitted by the State of California or directed or required by the U.S.

13  Government."  McLane Decl. at ¶9).

14  Mr. Bauer states, "My review of the still-existing corporate documents and

15  testimony of former employees reveals a history of poor housekeeping at the Site."

16  (Bauer Decl. at ¶9). Dr. McLane makes the same point, "As documented by

17  internal memoranda, employees were found to be out of compliance with the waste

18  handling standards."

19  Pursuant to Rule 403, testimony from multiple experts on the same topic is

20  cumulative evidence and grounds for exclusion.  *Davis v. Mason County*, 927 F.2d

21  at  1484; *Dahlin v. Evangelical Child & Family Agency*, 2002 U.S. Dist. LEXIS

22  24558, No. 01 C 1182, 2002 WL 31834881, *3 (N.D. Ill. Dec. 18, 2002);

23  *Washington v. Greenfield*, 1986 U.S. Dist. LEXIS 19037, 1986 WL 15758 (D.D.C.

24  Oct. 15, 1986) (precluding experts witnesses who "will present very similar

25  testimony … in the same field" because it would be "unnecessarily cumulative"

26  and would not "add to the evidence presented at trial in a meaningful way.").

27  Application of Rule 403 ensures that a litigant cannot "make its case through the

28  sheer weight of successive expert testimony by even two experts as to their

identical conclusions on identical issues ….” *United States v. Walker*, 910 F. Supp. at 863.

In the instant case, Defendant seeks to elicit the same testimony from two asserted experts. And the duplication will affect not simply their direct testimony, but the need for cross-examination. It would be a needless waste of time for the Court to hear such cumulative and duplicative testimony. Because the opinions of Mr. Bauer and Dr. McLane are overlapping and duplicative, Plaintiff respectfully requests that the Court exclude the entire testimony of Mr. Bauer.

**C.    Specific Objections To The Bauer Declaration**

**1.    Evidentiary Objections by Paragraph**

In the event the Court does not strike the declaration of Bauer in its entirety, Plaintiff respectfully submits evidentiary objections to specific paragraphs, as follows:

| Challenged Statement | Evidentiary Objection |
|---|---|
| (Bauer ¶5) “The appropriate standard of care for a defense contractor such as Whittaker as with all handlers of chemicals is defined by (1) the prevailing knowledge of site conditions and the potential for harm to the environment due to releases of chemicals, including perchlorate and solvent-containing materials; and (2) the statutory and regulatory requirements for the safe handling of chemicals, including perchlorate and | **Lack of Qualifications and Improper Legal Conclusion**: Bauer is not qualified to opine on the standard of care applicable to a defense contractor managing explosives. Calls for legal conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d 451, 454 (9th Cir. 1999); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996); *Burkhart v. Washington Metro. Area Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-* |

20

| Challenged Statement | Evidentiary Objection |
|---|---|
| solvent-containing materials, to prevent releases to the environment. The fact that Whittaker is a defense contractor and may have managed its chemicals, including perchlorate and solvent-containing materials, like others in the defense industry is of no consequence, as there is no guarantee that other defense contractors have properly managed chemicals and waste disposal activities at their own facilities." | *Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). |
| (Bauer ¶6) The environmental setting was known to Whittaker at all times. The slope and topography of the Site include significant differences in elevations at the facility and numerous canyons and ridges are present. Precipitation from the Whittaker facility would flow down the canyons, eventually reaching the Santa Clara River only a short distance away. During winter rains, most water would percolated into the soil, and chemicals or wastes exposed to rainfall would be dissolved or leached and subsequently | **Duplicative.** Duplicative of McLane ¶¶ 5,9,11,13 |

21

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| reach the ground and enter the soil column." | |
| (Bauer ¶7)  "Whittaker failed to meet the appropriate standard of care at the Site.  Whittaker's land disposal, drum storage, and wastewater practices at the Site were in violation of permits issued to Whittaker, California's environmental statutes and regulations, Whittaker's own manuals and procedures, and even the basic guidance of the Department of Defense Contractor Safety Manual." | **Lack of Qualifications and Improper Legal Conclusion:** Bauer is not qualified to opine on whether statutes and regulations define a standard of care.  Moreover, Bauer is not qualified to address whether Whittaker's practices were in violation of various laws and regulations and DOD manuals.  Calls for legal conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d 451, 454 (9th Cir. 1999); *Burkhart v. Washington Metro. Area Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). **Duplicative (FRE 403).**  Duplicative of McLane ¶¶ 8, 9, 10 |
| (Bauer ¶8)  "For example, under the requirements of the 1949 Dickey Act, Whittaker was required to notify the California Water Pollution Control | **Lack of Qualifications and Improper Legal Conclusion:** Bauer is not qualified to opine on the requirements of the 1949 Dickey Act or whether |

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| Board of the nature of its wastes and the manner in which it managed its wastes.  However, there is no evidence that Whittaker met its obligations under the Dickey Act or subsequent legislation and rules." | Whittaker met its obligations hereunder.  Calls for legal conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d at 454; *Burkhart v. Washington Metro. Area Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). **Relevance, FRE 403:** Bauer does not state that these asserted violations involved the hazardous substances at issue in this case.  Thus, his opinion on them is not relevant. **Duplicative.** Duplicates Bauer Decl. ¶15. |
| (Bauer ¶8)  "DTSC found Whittaker to be in violation of California environmental laws and regulations on multiple occasions, and similarly recommended criminal charges against Whittaker for failure to disclose disposal activities at the Site." | **Relevance, FRE 403, 404(b):** Bauer does not identify the supposed DTSC findings or connect them to the hazardous substance contamination at issue here.  He does not state whether the recommended criminal charges relate to these substances.  References to recommended criminal charges – particularly when no charges were ever brought – are unduly prejudicial and violate Fed. R. Evid. 404(b) ("evidence of other crimes, wrongs, or acts is not |

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| | admissible to prove the character of a person in order to show action in conformity therewith."); *Hill v. Rolleri*, 615 F.2d at 890 (excluding evidence of prior citation). **Duplicative.** Duplicates Bauer Decl. ¶15. |
| (Bauer ¶9) "Whittaker also violated the Standard of Care to the extent the company willfully ignored known problems or potential problems relating to waste disposal activities at the Site. My review of the still-existing corporate documents and testimony of former employees reveals a history of poor housekeeping at the Site." | **Relevance, competence, Rule 702.** The witness fails to state whether the problems related to the hazardous substances and to the contamination at issue in this case. The state of mind of Whittaker ("willfully") is not an appropriate subject for expert testimony and the witness has no expert qualifications to address it. **Duplicative.** Duplicates Bauer Decl. ¶¶ 11, 16. |
| (Bauer ¶10) "The natural and certain consequence of the deliberate dumping of wastes containing perchlorate and solvents at the facility was the soil and ground water contamination that is at issue today." | **Rule 702, Competence.** This witness claims to be an expert on the standard of care, but this is an opinion on a different subject – whether certain activities caused contamination. Further, the question of what actions were "deliberate" is not an appropriate subject for an expert and, this witness, |

24

AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238519

| Challenged Statement | Evidentiary Objection |
|---|---|
| | a chemist, has no qualifications to address it. **Duplicative.** Duplicates Bauer Decl. ¶¶ 6, 13. |

## IV. THE REPORTS ATTACHED TO THE DECLARATIONS ARE INADMISSIBLE HEARSAY.

AISLIC objected during Phase I of this case to the government's practice of wholesale incorporation by reference of unsworn expert reports into the written declarations of the government experts. (*See* Document No. 128.) AISLIC renews its objection to the reports attached to the Declarations of Low, Bauer and McLane,[6] however it acknowledges that the Court previously overruled that objection with respect to the testimony of Mr. Bauer (See Tr. Trans. 758:16-17,

---

[6] Each of the three declarations attaches lengthy, unsworn Rule 26 reports. Mr. Low's declaration attaches two reports, consisting of more than 80 mostly single-spaced small-print pages. Mr. Bauer's declaration attaches two reports, consisting of more than 120 pages, and Mr. McLane's attached reports take up more than 200 single spaced pages. To the extent that these reports are being offered as evidence, they must be excluded as hearsay. *See, e.g, Murphy v. Metro Transp. Authority*, 2009 WL 1044604 (S.D.N.Y April 14, 2009) ("An expert's report is hearsay and not admissible."); *Weiss v. Allstate Ins. Co.,* 512 F. Supp. 2d 463, 478 (E.D. La. 2007) ("Allstate may not offer their own expert reports into evidence because they are inadmissible hearsay.") Similarly, to the extent that these reports are being offered in their entirety as testimony, it is not practical for AISLIC to object to improper testimony on a line-by-line basis.

1    v.1, 2/28/10) and concedes that the Court's prior ruling appears applicable here as

2    well.

3

4

5    Dated:  December 6, 2010

                                          STEPTOE & JOHNSON LLP

6                                          WILLIAM T. HASSLER

7                                          STEPTOE & JOHNSON LLP

                                         LAURENCE F. JANSSEN

8                                          MICHAEL R. HEIMBOLD

9                                          KIRSTEN HICKS SPIRA

10

11                                          By:___/s/ Kirsten Hicks Spira___

                                                    KIRSTEN HICKS SPIRA

12                                          Attorneys for Intervenor/Plaintiff

                                         AMERICAN INTERNATIONAL

13                                          SPECIALTY LINES INSURANCE

                                         COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28