UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: CV 09-01734 AHM (RZx)<br><br>**[PROPOSED] ORDER RE AISLIC'S MOTION IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, THE TESTIMONY OF:<br>(1) MATTHEW. LOW,<br>(2) CHARLES R. MCLANE III, AND<br>(3) DAVID L. BAUER;**<br><br>Assigned to the Hon. A. Howard Matz<br>Date:       February 7, 2011<br>Time:       10:00 a.m.<br>Courtroom:  14 |

1

[PROPOSED] ORDER RE AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

Having considered AISLIC's Motion in Limine to Exclude, in Whole or in Part, the Testimony of: (1) Matthew. Low, (2) Charles R. McLane III, and (3) David L. Bauer, and all related papers, including any opposition thereto, GOOD CAUSE APPEARING, the Court orders as follows:

## I. DECLARATION OF MATTHEW LOW

The declaration of Mathew Low in Lieu of Direct Testimony, Docket No. 97-6, filed 2/08/2010, including the attachments thereto, is stricken in its entirety.

## II. DECLARATION OF CHARLES F. MCLANE III

The declaration Charles F. McLane in Lieu of Direct Testimony, Docket No. 97-7, filed 2/08/2010 (McLane Declaration"), including the attachments thereto, is stricken in its entirety.

OR

The Court makes the following rulings on AISLIC's specific evidentiary objections to the McLane's Declaration:

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| (McLane ¶8) "Whittaker-Bermite's internal waste handling standards provided for the containerization of production wastes. As documented by internal memoranda, employees were found to be out of | **Competence (FRE 702); Relevance (FRE 403):** As a geologist, Dr. McLane has no expertise with regard to Whittaker's internal waste handling standards and has no special qualifications to decide whether its employees followed those standards. **Duplicative (FRE 403):** See Bauer Declaration at ¶7. | Sustained:_____<br><br>Overruled:_____ |

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| compliance with the waste handling standards. The failure of Whittaker-Bermite's employees to follow the company's waste handling standards resulted in Site contamination." | | |
| **(McLane ¶11)** "Whittaker-Bermite's failure to provide adequate impoundments and sumps resulted in contamination of soil and groundwater at the Site and likely impacted nearby drinking water wells." | **Competence (FRE 702):** Dr. McLane does not have the expertise to opine on whether Whittaker-Bermite "failed" to provide "adequate" impoundments or simply conformed to the then existing standard of care. **Duplicative (FRE 403):** *See* Bauer Decl. ¶¶ 9,10 (faulty impoundments led to contamination) | **Sustained:** _____ <br><br> **Overruled:** _____ |
| **(McLane ¶13)** "The decision to conduct on-site burning was made by Whittaker- | **Relevance (FRE 403):** The subject matter of this testimony was at issue in Phase I, resulted in conclusive finding of fact | **Sustained:** _____ <br><br> **Overruled:** _____ |

2

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| Bermite and the manner in which the burning operations were performed was controlled by Whittaker-Bermite." | (*see* Doc. No. 179, p. 34, Court's Findings of Fact Nos. 185-88) and therefore is not relevant to Phase II of this trial. **Competence (FRE 702):** Dr. McLane has no qualifications to address who made the decision to conduct on-site burning or who controlled its manner. He is not an expert in government contracts or the requirements of Government Safety Manuals. | |
| **(McLane ¶15)** "Whittaker-Bermite misled regulators with regard to their waste disposal practices at unpermitted dumps, the Building 317 impoundment, and the Burn Area." | **Competence (FRE 702); Relevance (FRE 403):** Dr. McLane is not an expert in regulation, has never been a regulator, and has no qualifications to address these asserted facts, which are not appropriate for expert testimony in any event. Further, this statement is not limited to the substances whose remediation is at issue in this litigation. Nor is the statement a proper factual basis for any opinion that Dr. | Sustained: _____  Overruled:_____ |

3

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| | Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 | | McLane is qualified to provide. **Duplicative (FRE 403):** *See* Bauer Decl. at ¶¶7, 8 (lack of permits). | |
| 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | **(McLane ¶15)** For example, Whittaker-Bermite did not disclose the unpermitted dump sites to state or federal regulators, which resulted in consideration of a criminal referral.  In addition, Whittaker-Bermite implied to the California Department of Health Services that there were no releases at the Building 317 impoundment when the evidence proved otherwise and failed to disclose to regulators that | **Relevance (FRE 403); Character Evidence (FRE 404(b)):** References to recommended criminal charges - particularly when no charges were ever brought – are irrelevant and unduly prejudicial.  Moreover, McLane's declaration violates Fed. R. Evid. 404(b) ("evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980) (excluding evidence of prior citation).  Nor is the statement a proper factual basis for any opinion that Dr. McLane is qualified to provide. **Duplicative (FRE 403):** See | **Sustained:** _____  **Overruled:**_____ |

4

[PROPOSED] ORDER RE AISLIC'S  NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| solvents were disposed at the Burn Area. | Bauer Declaration at ¶8. | |
| **(McLane ¶16)** "There is no evidence that a release of hazardous substances occurred from U.S. Government-owned equipment at the Site." | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding ownership of equipment (*see, e.g.,* Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116) and therefore this testimony is not relevant to Phase II of this trial and is cumulative.<br>**Competence (FRE 702):** Dr. McLane lacks competence to weigh the sufficiency of the evidence. This is the role of the Court. In addition, he lacks the qualifications to opine on | **Sustained:** _____<br><br>**Overruled:** _____ |

5

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| | whether a release occurred from "U.S. Government owned equipment." This is legal question for the Court. | |
| **(McLane ¶16)** "This company practice – and Whittaker-Bermite's failure to prevent water containing perchlorate from escaping the buildings and reaching the ground – continued up until 1986 (Pierson Depo. P. 183-188). This uncontrolled process likely caused or contributed to the contamination in the production areas where this occurred." | **Competence (FRE 702):** Dr. McLane has no qualifications to address whether there was a "failure" to prevent water from escaping the buildings or whether this was consistent with government-mandated procedures. By the same token, he has no competence to address whether this process was "uncontrolled" by either Whittaker management or DCAS inspectors.<br>**Duplicative (FRE 403):** *See* Bauer Decl. at ¶¶7, 10 (wastewater led to contamination). | **Sustained:** _____<br><br>**Overruled:** _____ |

6

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| | Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|---|
| 1-2 | | | |
| 3-24 | **(McLane ¶17)** "Documents related to the Building 314 fire . . . indicate that the only U.S. Government-owned equipment there at the time was a crusher, multi-swing hammer. Whittaker-Bermite owned two other grinders in the same building. Even if the crusher was used, which no Whittaker-Bermite employee who was deposed was able to confirm, there is no evidence of a release to the soil or groundwater from it." | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24, v.1 3/2/10), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding ownership of equipment (see, e.g., Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116) and therefore is not relevant to Phase II of this trial. **Competence (FRE 702):** Dr. McLane is not qualified as an expert to opine on ownership of equipment or to review employee depositions to determine manufacturing practices. This is far afield for a hydro-geologist. | Sustained: _____ Overruled:_____ |
| 25-28 | **(McLane ¶18)** "Based on Mr. Tigue's description, there is insufficient | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75- | Sustained: _____ Overruled:_____ |

7

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| | Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|---|
| | basis to conclude that a release to soil or groundwater occurred from any mandrels." | 975:24, v.1 3/2/10), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding whether the use of government-owned mandrels caused contamination at the site (*see, e.g.,* Doc. No. 179, pp. 13-15, 17-18, Court's Findings of Fact Nos. 71-74, 78-82, 86, 104-108) and therefore is not relevant to Phase II of this trial.<br><br>**Competence (FRE 702):** Dr. McLane lacks the qualifications to opine on the release of substances from equipment or on the sufficiency of the evidence based on employee descriptions of their work. | |
| | **(McLane ¶19)** "Without more information, these listings and the other similar documents I have reviewed do not | **Relevance (FRE 403) and Duplicative (FRE 403):** This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24), and the Court has already made extensive | **Sustained:** _____<br><br>**Overruled:** _____ |

8

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| establish to a reasonable degree of scientific certainty that a release occurred from any government equipment at the Site." | conclusive finding of fact in which the Court rejected Dr. McLane's opinions regarding whether the use of government-owned equipment caused contamination at the site (see, e.g., Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116) and therefore is not relevant to Phase II of this trial. **Competence (FRE 702):** Dr. McLane has no qualifications to opine on what equipment may have been government owned. | |

### III. DECLARATION OF DAVID L. BAUER

The declaration of David L. Bauer in Lieu of Direct Testimony, Docket No. 97-3, filed 2/08/2010 ("Bauer Declaration"), including the attachments thereto, is stricken in its entirety.

<u>OR</u>

The Court makes the following rulings on Plaintiff's specific evidentiary objections to the Bauer Declaration:

///

///

9
[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| (Bauer ¶5) "The appropriate standard of care for a defense contractor such as Whittaker as with all handlers of chemicals is defined by (1) the prevailing knowledge of site conditions and the potential for harm to the environment due to releases of chemicals, including perchlorate and solvent-containing materials; and (2) the statutory and regulatory requirements for the safe handling of chemicals, including perchlorate and solvent-containing materials, to prevent | **Lack of Qualifications and Improper Legal Conclusion**: Bauer is not qualified to opine on the standard of care applicable to a defense contractor managing explosives. Calls for legal conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d 451, 454 (9th Cir. 1999); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996); *Burkhart v. Washington Metro. Area Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). | **Sustained:** _____<br><br>**Overruled:** _____ |

10

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| releases to the environment. The fact that Whittaker is a defense contractor and may have managed its chemicals, including perchlorate and solvent-containing materials, like others in the defense industry is of no consequence, as there is no guarantee that other defense contractors have properly managed chemicals and waste disposal activities at their own facilities." | | |

11
[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| (Bauer ¶6) The environmental setting was known to Whittaker at all times. The slope and topography of the Site include significant differences in elevations at the facility and numerous canyons and ridges are present. Precipitation from the Whittaker facility would flow down the canyons, eventually reaching the Santa Clara River only a short distance away. During winter rains, most water would percolated into the soil, and chemicals or | **Duplicative.** Duplicative of McLane ¶¶ 5,9,11,13 | **Sustained:** _____<br><br>**Overruled:** _____ |

12
[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| wastes exposed to rainfall would be dissolved or leached and subsequently reach the ground and enter the soil column." | | |
| (Bauer ¶7) "Whittaker failed to meet the appropriate standard of care at the Site. Whittaker's land disposal, drum storage, and wastewater practices at the Site were in violation of permits issued to Whittaker, California's environmental statutes and regulations, Whittaker's own manuals and | **Lack of Qualifications and Improper Legal Conclusion:** Bauer is not qualified to opine on whether statutes and regulations define a standard of care. Moreover, Bauer is not qualified to address whether Whittaker's practices were in violation of various laws and regulations and DOD manuals. Calls for legal conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d 451, 454 (9th Cir. 1999); *Burkhart v. Washington Metro. Area* | Sustained: _____  Overruled: _____ |

13

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| procedures, and even the basic guidance of the Department of Defense Contractor Safety Manual." | *Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). **Duplicative (FRE 403).** Duplicative of McLane ¶¶ 8, 9, 10 | |
| (Bauer ¶8) "For example, under the requirements of the 1949 Dickey Act, Whittaker was required to notify the California Water Pollution Control Board of the nature of its wastes and the manner in which it managed its wastes. However, there is no evidence that Whittaker met its obligations under the Dickey Act or subsequent legislation | **Lack of Qualifications and Improper Legal Conclusion:** Bauer is not qualified to opine on the requirements of the 1949 Dickey Act or whether Whittaker met its obligations hereunder. Calls for legal conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d at 454; *Burkhart v. Washington Metro. Area Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). **Relevance, FRE 403:** Bauer | Sustained: _____  Overruled: _____ |

14

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| and rules." | does not state that these asserted violations involved the hazardous substances at issue in this case. Thus, his opinion on them is not relevant.<br>**Duplicative.** Duplicates Bauer Decl. ¶15. | |
| (Bauer ¶8) "DTSC found Whittaker to be in violation of California environmental laws and regulations on multiple occasions, and similarly recommended criminal charges against Whittaker for failure to disclose disposal activities at the Site." | **Relevance, FRE 403, 404(b):** Bauer does not identify the supposed DTSC findings or connect them to the hazardous substance contamination at issue here. He does not state whether the recommended criminal charges relate to these substances. References to recommended criminal charges – particularly when no charges were ever brought – are unduly prejudicial and violate Fed. R. Evid. 404(b) ("evidence of other crimes, wrongs, or acts is not admissible to prove the | **Sustained:** _____<br><br>**Overruled:** _____ |

15
[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| | character of a person in order to show action in conformity therewith."); *Hill v. Rolleri*, 615 F.2d at 890 (excluding evidence of prior citation). **Duplicative.** Duplicates Bauer Decl. ¶15. | |
| (Bauer ¶9) "Whittaker also violated the Standard of Care to the extent the company willfully ignored known problems or potential problems relating to waste disposal activities at the Site. My review of the still-existing corporate documents and testimony of former employees reveals a history of poor housekeeping at the Site." | **Relevance, competence, Rule 702.** The witness fails to state whether the problems related to the hazardous substances and to the contamination at issue in this case. The state of mind of Whittaker ("willfully") is not an appropriate subject for expert testimony and the witness has no expert qualifications to address it. **Duplicative.** Duplicates Bauer Decl. ¶¶ 11, 16. | Sustained: _____<br><br>Overruled: _____ |

16

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| Challenged Statement | Evidentiary Objection | RULING |
|---|---|---|
| (Bauer ¶10) "The natural and certain consequence of the deliberate dumping of wastes containing perchlorate and solvents at the facility was the soil and ground water contamination that is at issue today." | **Rule 702, Competence.** This witness claims to be an expert on the standard of care, but this is an opinion on a different subject –whether certain activities caused contamination. Further, the question of what actions were "deliberate" is not an appropriate subject for an expert and, this witness, a chemist, has no qualifications to address it.<br>**Duplicative.** Duplicates Bauer Decl. ¶¶ 6, 13. | Sustained: _____<br><br>Overruled: _____ |

IT IS SO ORDERED.

DATED: _____.

_____
Hon. A. Howard Matz
United States District Judge

17
[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1

| | | |
|---|---|---|
| 1 | Dated: December 6, 2010 | Submitted By: |
| 2 | | STEPTOE & JOHNSON LLP |
| 3 | | WILLIAM T. HASSLER |
| 4 | | STEPTOE & JOHNSON LLP |
| 5 | | LAURENCE F. JANSSEN |
| | | MICHAEL R. HEIMBOLD |
| 6 | | KIRSTEN HICKS SPIRA |
| 7 | | |
| 8 | | By:   /s/ Kirsten Hicks Spira |
| | |       KIRSTEN HICKS SPIRA |
| 9 | | Attorneys for Intervenor/Plaintiff |
| 10 | | AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE |
| 11 | | COMPANY |

18

[PROPOSED] ORDER RE AISLIC'S NOT. OF MOT. IN LIMINE AND MOT. IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, TESTIMONY OF MATTHEW LOW, CHARLES MCLANE III, AND DAVID BAUER

Doc. # CC-238734 v.1