LAURENCE F. JANSSEN (SBN 147471)
MICHAEL R. HEIMBOLD (SBN 173981)
KIRSTEN HICKS SPIRA (SBN 119885)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200 // Facsimile: (310) 734-3300
Email:   ljanssen@steptoe.com
Email:   mheimbold@steptoe.com
Email:   kspira@steptoe.com

WILLIAM T. HASSLER (*admitted pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington D.C. 20036
Telephone: (202) 429-6469 // Facsimile: (202) 429-3902
Email: whassler@steptoe.com

FLOYD PERRY BIENSTOCK (*admitted pro hac vice*)
STEPTOE & JOHNSON LLP
201 East Washington St.
Phoenix, Arizona 85004
Telephone: (602) 257-5200 // Facsimile: (602) 257-5299
Email: fbienstock@steptoe.com

Attorneys for Plaintiff AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: CV 09-01734 AHM (RZx)<br>[Consolidated with CV-06-4686 AHM (RZx)]<br><br>**JOINT REPORT ON THE MOTIONS IN LIMINE RULINGS**<br><br>Assigned to the Hon. A. Howard Matz |

1    Plaintiff American International Specialty Lines Insurance Company
2    ("AISLIC") and Defendant United States of America submit this Joint Report on
3    the Motions in Limine Rulings pursuant to the Court's February 11, 2011 Minute
4    Order.

5    **I.   AISLIC'S MOTION IN LIMINE**
6        **A.   Matthew Low**
7            AISLIC moved to exclude Mathew Low's testimony (set forth in
8    Declaration of Matthew in Lieu of Direct Testimony, Docket No. 97-6) in its
9    entirety on the grounds that his testimony allegedly invades the province of the
10   Court and fails to satisfy the reliability requirements of FRE 702.  The Court
11   denied the motion.

12       **B.   Charles F. McLane III, Ph.D**
13           AISLIC moved to exclude Dr. Charles F. McLane's testimony (set forth in
14   Declaration of Charles F. McLane II, Ph.D in Lieu of Direct Testimony, Docket
15   No. 97-7) in its entirety on the grounds that it allegedly addresses issues outside of
16   Dr. McLane's expertise and is cumulative.  The Court denied the motion.
17           AISLIC also raised specific evidentiary objections to Dr. McLane's
18   testimony which the Court sustained in part and overruled in part, as detailed
19   below.

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| **(McLane ¶8 )** "Whittaker-Bermite's internal waste handling standards provided for the containerization of production wastes. As documented by internal memoranda, employees were found to be out of compliance | Competence (FRE 702); Relevance (FRE 403): Duplicative (FRE 403): See Bauer Declaration at ¶7. | **Overruled** |

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| with the waste handling standards. The failure of Whittaker-Bermite's employees to follow the company's waste handling standards resulted in Site contamination." | | |
| **(McLane ¶11)** "Whittaker-Bermite's failure to provide adequate impoundments and sumps resulted in contamination of soil and groundwater at the Site and likely impacted nearby drinking water wells." | Competence (FRE 702); Duplicative (FRE 403): *See* Bauer Decl. ¶¶ 9,10 (faulty impoundments led to contamination) | **Overruled** |
| **(McLane ¶13)** "The decision to conduct on-site burning was made by Whittaker-Bermite and the manner in which the burning operations were performed was controlled by Whittaker-Bermite." | Relevance (FRE 403); Competence (FRE 702). | **Overruled** |
| **(McLane ¶15)** "Whittaker-Bermite misled regulators with regard to their waste disposal practices at unpermitted dumps, the | Competence (FRE 702); Relevance (FRE 403); Duplicative (FRE 403). | **Sustained, subject to a foundation being laid.** |

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| Building 317 impoundment, and the Burn Area." | | |
| **(McLane ¶15)** For example, Whittaker-Bermite did not disclose the unpermitted dump sites to state or federal regulators, which resulted in consideration of a criminal referral. In addition, Whittaker-Bermite implied to the California Department of Health Services that there were no releases at the Building 317 impoundment when the evidence proved otherwise and failed to disclose to regulators that solvents were disposed at the Burn Area. | Relevance (FRE 403); Character Evidence (FRE 404(b)); *Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980); Duplicative (FRE 403): See Bauer Declaration at ¶8. | **Sustained as to the criminal referral under FRE 403. Additionally, AISLIC understood that objections were sustained as to the reminder of paragraph 15 subject to a foundation being laid. To the extent that the Court sustained the objection on these other grounds, a clarification of the ruling is needed so that the disposition of** |

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| | | AISLIC's motion is clear. |
| (McLane ¶16) "There is no evidence that a release of hazardous substances occurred from U.S. Government-owned equipment at the Site." | Relevance (FRE 403) and Duplicative (FRE 403): This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding ownership of equipment (*see, e.g.,* Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116); Competence (FRE 702). | **Sustained on the grounds that the testimony is inconsistent with the Court's rulings during Phase I.** |
| (McLane ¶16) "This company practice – and Whittaker-Bermite's failure to prevent water containing perchlorate from escaping the buildings and reaching the ground – continued up until 1986 (Pierson Depo. P. 183- | Competence (FRE 702); Duplicative (FRE 403): *See* Bauer Decl. at ¶¶7, 10 (wastewater led to contamination). | **Sustained to the extent that Dr. McLane may not testify that this process was "uncontrolled."** |

4

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| 188). This uncontrolled process likely caused or contributed to the contamination in the production areas where this occurred." | | |
| **(McLane ¶17)** "Documents related to the Building 314 fire . . . indicate that the only U.S. Government-owned equipment there at the time was a crusher, multi-swing hammer. Whittaker-Bermite owned two other grinders in the same building. Even if the crusher was used, which no Whittaker-Bermite employee who was deposed was able to confirm, there is no evidence of a release to the soil or groundwater from it." | Relevance (FRE 403) and Duplicative (FRE 403): This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24, v.1 3/2/10), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding ownership of equipment (see, e.g., Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116). Competence (FRE 702): | **Sustained on the grounds that the testimony is inconsistent with Court's rulings during Phase I.** |
| **(McLane ¶18)** "Based on Mr. Tigue's description, there is insufficient basis to conclude that a release to soil or groundwater occurred from | Relevance (FRE 403) and Duplicative (FRE 403): This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24, v.1 | **Sustained on the grounds that the testimony is inconsistent with** |

5

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| any mandrels." | 3/2/10), and the Court has already made extensive conclusive finding of fact in which the it rejected Dr. McLane's opinions regarding whether the use of government-owned mandrels caused contamination at the site (*see, e.g.,* Doc. No. 179, pp. 13-15, 17-18, Court's Findings of Fact Nos. 71-74, 78-82, 86, 104-108). Competence (FRE 702): | **the Court's rulings during Phase I.** |
| **(McLane ¶19)** "Without more information, these listings and the other similar documents I have reviewed do not establish to a reasonable degree of scientific certainty that a release occurred from any government equipment at the Site." | Relevance (FRE 403) and Duplicative (FRE 403): This testimony was already offered in Phase I (Tr. Trans. 974:75-975:24), and the Court has already made extensive conclusive finding of fact in which the Court rejected Dr. McLane's opinions regarding whether the use of government-owned equipment caused | **Sustained on the grounds that the testimony is inconsistent with the Court's rulings during Phase I.** |

JOINT REPORT ON THE MOTIONS IN LIMINE RULINGS

Doc. # CC-244982 v.2

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| | contamination at the site (see, e.g., Doc. No. 179, pp. 15-19, Court's Findings of Fact Nos. 86-116); Competence (FRE 702). | |

### C. David L. Bauer

AISLIC moved to exclude David L. Bauer's testimony (contained in the Declaration of David L. Bauer in Lieu of Direct Testimony, Docket No. 97-3) in its entirety on the grounds that his testimony allegedly addresses issues outside of Mr. Bauer's expertise and is cumulative. The Court denied the motion.

AISLIC also raised specific evidentiary objections to Mr. Bauer's testimony which the Court sustained in part and overruled in part, as detailed below.

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| (Bauer ¶5) "The appropriate standard of care for a defense contractor such as Whittaker as with all handlers of chemicals is defined by (1) the prevailing knowledge of site conditions and the potential for harm to the environment due to releases of chemicals, including perchlorate and | Lack of Qualifications and Improper Legal Conclusion. | **Overruled** |

7

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| solvent-containing materials; and (2) the statutory and regulatory requirements for the safe handling of chemicals, including perchlorate and solvent-containing materials, to prevent releases to the environment. The fact that Whittaker is a defense contractor and may have managed its chemicals, including perchlorate and solvent-containing materials, like others in the defense industry is of no consequence, as there is no guarantee that other defense contractors have properly managed chemicals and waste disposal activities at their own facilities." | | |

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| (Bauer ¶6) "The environmental setting was known to Whittaker at all times. The slope and topography of the Site include significant differences in elevations at the facility and numerous canyons and ridges are present. Precipitation from the Whittaker facility would flow down the canyons, eventually reaching the Santa Clara River only a short distance away. During winter rains, most water would percolated into the soil, and chemicals or wastes exposed to rainfall would be dissolved or leached and subsequently reach the ground and enter the soil column." | Duplicative of McLane ¶¶ 5,9,11,13 | **Overruled** |

| | Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|---|
| 1 | | | |
| 2-16 | (Bauer ¶7) "Whittaker failed to meet the appropriate standard of care at the Site. Whittaker's land disposal, drum storage, and wastewater practices at the Site were in violation of permits issued to Whittaker, California's environmental statutes and regulations, Whittaker's own manuals and procedures, and even the basic guidance of the Department of Defense Contractor Safety Manual." | Lack of Qualifications and Improper Legal Conclusion; Duplicative (FRE 403). Duplicative of McLane ¶¶ 8, 9, 10 | **Sustained, subject to a foundation being laid.** |
| 17-28 | (Bauer ¶8) "For example, under the requirements of the 1949 Dickey Act, Whittaker was required to notify the California Water Pollution Control Board of the nature of its wastes and the manner in which it managed its wastes. However, there is no evidence that Whittaker met its obligations under the Dickey Act or subsequent legislation | Lack of Qualifications and Improper Legal Conclusion. *See, e.g., McHugh v. United Service Auto Assn.*, 164 F.3d at 454; *Burkhart v. Washington Metro. Area Transit Auth.* 112 F.3d 1207 (DC Cir. 1997); *Nieves-Villanueva v. Soto-Rivera* 133 F.3d 92, 99 (1st Cir. 1997). | **Sustained on the ground that it calls for a legal conclusion and lacks foundation.** |

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| and rules." | Relevance, FRE 403; Duplicative. Bauer Decl. ¶15. | |
| (Bauer ¶8) "DTSC found Whittaker to be in violation of California environmental laws and regulations on multiple occasions, and similarly recommended criminal charges against Whittaker for failure to disclose disposal activities at the Site." | Relevance, FRE 403, 404(b). References to recommended criminal charges – particularly when no charges were ever brought – are unduly prejudicial and violate Fed. R. Evid. 404(b); *Hill v. Rolleri*, 615 F.2d at 890. Duplicative. Duplicates Bauer Decl. ¶15. | **Sustained as to whether DTSC "recommended criminal charges." Sustained as to rest of the paragraph, unless there is independent evidence to support what DTSC found, then Bauer may testify to it.** |
| (Bauer ¶9) "Whittaker also violated the Standard of Care to the extent the company willfully ignored known problems or potential problems relating to waste disposal activities at the Site. My review of the still-existing | Relevance, competence, Rule 702; Duplicative. Duplicates Bauer Decl. ¶¶ 11, 16. | **The objection to the first sentence is sustained to the extent that Bauer is making a conclusion about "willfulness."** |

| Challenged Statement | Evidentiary Objections | RULING |
|---|---|---|
| corporate documents and testimony of former employees reveals a history of poor housekeeping at the Site." | | Overruled as to the second sentence. |
| (Bauer ¶10) "The natural and certain consequence of the deliberate dumping of wastes containing perchlorate and solvents at the facility was the soil and ground water contamination that is at issue today." | **Rule 702, Competence; Duplicative.** Duplicates Bauer Decl. ¶¶ 6, 13. | Overruled |

## II. UNITED STATES' MOTION IN LIMINE

### A. Robert Zoch

The United States moved to exclude Robert Zoch's testimony about contracting or procurement issues (Zoch Decl. ¶¶ 224-229), including the reimbursement of environmental costs under the Federal Acquisition Regulation, on the ground that he is unqualified to testify on those topics. The Court sustained the objection as to paragraphs 224-229 of Mr. Zoch's declaration.

The United States also moved to exclude Mr. Zoch's testimony on the applicable "standard of care" for handling and disposal of hazardous waste (Zoch Decl. ¶¶ 194-208) on the ground that Mr. Zoch failed to adequately disclose this opinion in his Rule 26 reports. The Court overruled this objection.

### B. George Linkletter

The United States moved to exclude George Linkletter's testimony regarding volumes of contaminated soil allegedly associated with Whittaker's

government production at the Site (Linkletter Decl. ¶¶ 4, 32, 37-39, 64) on the grounds that he never offered such an opinion in his two Rule 26 reports and that he lacks the requisite expertise and facts to reliably render such estimates. The United States also moved to exclude Dr. Linkletter's opinions that certain costs allegedly incurred by AISLIC were necessary and consistent with the National Contingency Plan (Linkletter Decl. ¶¶ 104-182) on the ground that Dr. Linkletter failed to provide an adequate discussion of this opinion in his Rule 26 reports.

The Court denied the government's motion to exclude provided that AISLIC make Dr. Linkletter available for a second deposition, at a location and time convenient to the government, and that AISLIC bear all costs associated with the deposition. Further, the Court ordered that AISLIC may not elicit any new opinions from Dr. Linkletter. The Court did not expressly discuss the government's objection that certain of the proffered testimony failed to satisfy the admissibility threshold of FRE 702.

### C. Raymond Dovell

The United States moved to exclude Raymond Dovell's testimony on the grounds that he offered expert opinions that he is unqualified to make (Dovell Decl. ¶¶ 50-54, 63-76, 87-88), and that he failed to disclose in his Rule 26 reports (Dovell Decl. ¶¶ 60-61). The Court denied the government's motion to exclude provided that AISLIC make Mr. Dovell available for a second deposition, at a location and time convenient to the government, and that AISLIC bear all costs associated with the deposition. Further, the Court ordered that AISLIC may not elicit any new opinions from Mr. Dovell. The Court did not expressly discuss the government's objection that certain of the proffered testimony failed to satisfy the admissibility threshold of FRE 702.

### D. Julie Diebenow

The United States moved to exclude paragraphs 8 and 13 of Julie Diebenow's declaration on the ground that, as a lay witness, she lacks the requisite

expertise to opine on whether AISLIC's costs were necessary and consistent with the National Contingency Plan. The Court sustained the objection as to paragraph 8 to the extent that Ms. Diebenow states conclusions as to whether costs were necessary and consistent with the National Contingency Plan. The Court sustained the objections as to paragraph 13.

### E. MariKay Fish

The United States moved to exclude paragraphs 77 and 85 of MariKay Fish's declaration on the ground that, as a lay witness, she lacks the requisite expertise to opine on whether AISLIC's costs were necessary and consistent with the National Contingency Plan. The Court overruled the objections.

Dated: April 7, 2011

STEPTOE & JOHNSON LLP

By: /s/ Kirsten Hicks Spira
KIRSTEN HICKS SPIRA
LAURENCE F. JANSEN
Attorneys for Plaintiff American International Specialty Lines Insurance

IGNACIA S. MORENO
Assistant Attorney General

By: /s/ Adam J. Katz
MICHAEL C. AUGUSTINI
MEREDITH WEINBERG
MARTHA C. MANN
ADAM J. KATZ
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section

Attorneys for Defendant
United States of America